IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KURT KIRCHWEHM and ROSELIA CONTRERAS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BISCO INDUSTRIES, INC., <br><br> Defendant. | |

## COMPLAINT

Plaintiffs, Kurt Kirchwehm and Roselia Contreras, individually and on behalf of all other similarly situated persons, known and unknown in the State of Illinois (the "Plaintiff Class") and nationally (the "Plaintiff Collective"), by and through their attorneys, Caffarelli & Associates Ltd., for their Complaint against Defendant Bisco Industries, Inc., state as follows:

## NATURE OF ACTION

1. Plaintiffs bring this lawsuit as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and class action pursuant to the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL").

2. Specifically, Defendant violated the FLSA and IMWL by paying Plaintiffs and putative members of the Plaintiff Class and Collective less than the federal and Illinois State mandated overtime wage by failing to compensate Plaintiff and the putative members of the Plaintiff Class and Collective at a rate of one and one-half times their regular rate of pay ("overtime") for all hours worked in excess of forty (40) hours per week.

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 29 U.S.C. § 2617.

4. This Court has supplemental jurisdiction over the state law IMWL claim pursuant to 28 U.S.C. § 1367.

5. The unlawful employment practices described herein were committed within the State of Illinois, at the Defendant's facility located in Glendale Heights, DuPage County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

6. Kurt Kirchwehm ("Kirchwehm") is an adult resident of Villa Park, Illinois.

7. Kirchwehm worked for Defendant in its Illinois location from in or about October 2020 through on or about May 16, 2022.

8. Roselia Contreras ("Contreras") is an adult resident of Glendale Heights, Illinois.

9. Contreras worked for Defendant in its Illinois location from in or about November 2020 through on or about April 29, 2022.

10. The members of the Plaintiff Class and Plaintiff Collective include all current and former individuals employed by Defendant within the applicable statutory timeframe, who, like Plaintiffs were not paid overtime for all hours worked in excess of forty hours per workweek.

11. Defendant Bisco Industries, Inc. ("Bisco") is a domestic corporation, registered and doing business in the State of Illinois.

12. Bisco distributes electronic components and fasteners used in production for multiple industries. Bisco is engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 2611(1).

13. Defendant is an "enterprise" as defined in the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

14. Defendant is subject to the overtime provisions of the FLSA and IMWL, and is an "employer" within the meaning of those statutes.

## FACTUAL ALLEGATIONS

15. Defendant employed Kirchwehm in its Illinois facility as a Chicago Warehouse Assistant Manager from on or about October 19, 2020 through on or about May 16, 2022.

16. Throughout his employment with Defendant, Kirchwehm consistently worked more than forty hours per individual workweek.

17. Kirchwehm did not have the ability or authority to hire and fire other employees.

18. Kirchwehm's recommendations concerning hiring or firing other employees were not given any particular weight.

19. Despite his job title, Kirchwehm's primary duty was not managing the enterprise or a recognized department or subdivision.

20. Most of Kirchwehm's time was spent performing non-managerial work including, but not limited to, scanning incoming packages, processing receipts, and maintaining records.

21. Upon information and belief, Kirchwehm's experience was typical of Defendant's other Assistant Managers.

22. Upon information and belief, individuals employed as Assistant Managers performed similar, non-managerial job duties as Kirchwehm.

23. Throughout his employment with Defendant, Kirchwehm was not exempt from the overtime provisions of the FLSA and IMWL.

24. Throughout her employment with Defendant, Contreras was not exempt from the overtime provisions of the FLSA and IMWL.

25. Defendant employed Contreras in its Illinois facility as a Warehouse Associate from in or about November 2020 through on or about April 29, 2022.

26. Throughout her employment with Defendant, Contreras consistently worked more than forty hours per individual workweek.

27. Plaintiffs were required to clock in and out of work using an ADP app.

28. At the end of each workweek, Defendant required Plaintiffs to approve and submit their hours of work through the app. However, no matter how many hours they actually worked, the timekeeping system only registered that they worked forty hours and always required them to affirm that they had only worked forty hours.

29. Kirchwehm objected to this practice and informed Bisco that the forced affirmations were incorrect. However, he was told that it did not matter because he was exempt from overtime and still required to affirm the incorrect statement of hours worked.

30. Throughout her employment with Defendant, Contreras regularly worked past her scheduled end time in order to complete her job duties.

31. In particular, Defendant required Contreras and all Warehouse Associates to clean their stations, including sweeping and dusting, after the end of their workday, time for which they were not paid.

32. Other members of the putative Plaintiff Class and Collective regularly worked past their scheduled ending times.

33. Defendant was aware that Plaintiffs and other members of the putative Plaintiff Class and Collective continued to perform work past their scheduled end times.

34. Defendant would also regularly assign "special projects" that would require around six (6) additional hours of overtime work. However, Bisco did not pay employees for this time spent working.

35. Upon information and belief, Bisco's payroll policies and practices were centrally located out of its office in Anaheim, California.

36. Managers from the California office regularly travelled to the Chicago location in order to oversee operations and give direction specifically including payroll practices and timekeeping.

37. Managers and human resources personnel located in the California office regularly communicated with Kirchwehm and other employees at the Chicago location regarding payroll practices, job duties, and other personnel concerns.

38. Upon information and belief, managers and human resources personnel located in the California office dictated uniform policies and practices for all of Bisco's locations.

39. Upon information and belief, Bisco implemented and imposed the same pay policies and practices across all of its locations.

40. Throughout their employment with Defendant, members of the Plaintiff Class and Collective were not exempt from the overtime provisions of the FLSA and IMWL.

41. Throughout their employment with Bisco, Defendant improperly classified Kirchwehm and all other individuals employed as Assistant Managers as "exempt" from the maximum hours provisions of the FLSA and IMWL.

42. Plaintiffs and members of the Plaintiff Class and Collective regularly worked in excess of forty (40) hours per week.

43. As a result of the policies and practices described above, Defendant failed to properly and timely compensate Plaintiffs and the putative members of the Plaintiff Class and Collective at the proper overtime rate for all hours worked in excess of forty (40) hours in individual workweeks.

44. Defendant knew or should have known of their obligation to fully pay employees their overtime wages for all hours worked and at the proper rate. Defendant acted in bad faith in failing to fully compensate Plaintiff and other members of the Plaintiff Class and Collective for all hours worked and at the proper overtime rate for the work they performed.

## CLASS ALLEGATIONS

45. Plaintiffs bring this action on behalf of themselves and all putative members of the Plaintiff Class.

46. Plaintiffs seek certification of their IMWL claims as a class action in order that the rights of Plaintiffs and the Plaintiff Class, including all overtime wages due, statutory damages, prejudgment interest, and any other damages due, be resolved.

47. With respect to unpaid overtime wages, Plaintiffs represent, and are members of the putative class as follows:

> All persons who were employed by Defendant in the State of Illinois within the applicable statute of limitations prior to the filing of the Complaint in this action, who were non-exempt and were not paid overtime compensation for time he or she worked in excess of forty (40) hours per individual workweek.

48. The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiffs believe that the putative class numbers include approximately two hundred individuals over the statutory timeframe.

49. Plaintiffs satisfies the requirements of Rule 23(b) because the issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that

6

may exist between members of the class, specifically concerning whether Defendant paid Plaintiffs and members of the Plaintiff Class at the applicable rate of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours in individual workweeks.

50. The named Plaintiffs are adequate representatives of the class because all potential plaintiffs were subject to Defendant's uniform practices and policies. Further, the named Plaintiffs and the putative class plaintiffs have suffered the same type of economic damages as a result of Defendant's practices and policies.

51. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**(Nationwide Collective Action)**

52. Plaintiffs restate and incorporates paragraphs 1 through 44 as though fully set forth herein.

53. This Count arises from Defendant's violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay the Plaintiffs and all members of the FLSA Collective at the correct time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

54. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiffs have

attached as Exhibit A their Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

55. All past and present employees of Defendant who performed non-exempt work and who were not paid overtime wages for all hours worked in excess of forty (40) per workweek are similarly situated to the Plaintiffs, in that Defendant applied its compensation policies, which violate the FLSA, on company-wide bases for at least all members of the FLSA Class.

56. Defendant knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their company-wide compensation policies and methods of time keeping and payment. Defendant's failure to pay compensation for all time worked and, as a result, their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, as well as their failure to adjust overtime wages to include earned commissions is a willful violation of the FLSA, since Defendant's conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

57. The Plaintiffs' experiences are typical of the experiences of the putative class members, as set forth above.

58. For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire putative class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs, Kurt Kirchwehm and Roselia Contreras, on behalf of themselves and all other similarly situated individuals, known and unknown, respectfully requests that this Court enter an order as follows:

a)      Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b)      Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c)      Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d)      Awarding reasonable attorneys' fees and costs incurred in filing this action;

e)      Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f)      Awarding such additional relief as the Court may deem just and proper.

### COUNT II – ILLINOIS MINIMUM WAGE LAW – (Class Action)

48. Plaintiffs re-state and incorporate paragraphs 1 through 44 as though fully set forth herein.

49. This Count arises from Defendant's violation of the IMWL, 820 ILL. COMP. STAT. 105/1, *et seq.*, for its failure to pay the Plaintiffs and all members of the IMWL Class at the correct time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

50. At all relevant times herein, Defendant has been an "employer" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

51. At all times relevant, Plaintiffs and putative members of the Plaintiff Class were employed by Defendant as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*

52. Pursuant to the IMWL, for all weeks during which Plaintiffs and the putative Plaintiff Class worked in excess of forty (40) hours, they were entitled to be fully compensated at the proper overtime rate.

53. Defendant violated the IMWL by failing to compensate the Plaintiffs and the Plaintiff Class with overtime wages all hours worked in excess of forty (40) per workweek.

WHEREFORE, Plaintiffs Kurt Kirchwehm and Roselia Contreras, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully request that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and/or 23(c)(4);

b) Appointing Plaintiffs as Class Representatives and their Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiffs and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 ILL. COMP. STAT. 205/2;

e) Awarding statutory damages and interest pursuant to the formula set forth in 820 ILL. COMP. STAT. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 ILL. COMP. STAT. 105/1 *et seq.*; and

h) Ordering such other and further relief as this Court deems appropriate and just.

Dated: August 18, 2022

Alexis D. Martin, #6309619
Katherine E. Stryker, #6333420
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880
*amartin@caffarelli.com*
*kstryker@caffarelli.com*

Respectfully submitted,
KURT KIRCHWEHM and ROSALIA CONTRERAS, individually and on behalf of all others similarly situated,

By: */s/ Alexis D. Martin*
    Attorney for the Plaintiffs