UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KURT KIRCHWEHM, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 22-cv-4398 |
| ) | |
| v. ) | Hon. Steven C. Seeger |
| ) | |
| BISCO INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

ORDER GRANTING
FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On November 29, 2023, the Court heard a motion for final approval of a settlement of a class and collective action by Kurt Kirchwehm and Roselia Contreras ("Named Plaintiffs"), on behalf of themselves and all others similarly situated, and Bisco Industries, Inc. ("Bisco" or "Settling Entity"). The Court has considered Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and other related materials submitted by the parties, as well as the parties' presentation at the hearing on final approval, and otherwise being fully informed in the premises, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Litigation pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Classes certified by order dated August 22, 2023 (Dkt. 43), and defined as: All current or former Warehouse Associates and Warehouse Assistant Managers of Bisco Industries, Inc.'s Glendale Heights, Illinois warehouse from August 18, 2019 to August 22, 2023.

3. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ.

1

P. 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this Litigation only. In so finding, the Court does not determine whether the certification of the class would remain proper under the more stringent standard that requires a showing of, *inter alia*, manageability.

4. The Court confirms the appointments of (a) Named Plaintiffs Kurt Kirchwehm and Roselia Contreras as Class Representatives of the Settlement Class, and (b) the law firm of Caffarelli & Associates Ltd. as Class Counsel.

5. The Notice Regarding Proposed Settlement of Class Action ("Class Proposed Settlement Notice") and related materials (collectively, "Notice Materials"), sent to the Class Members via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice Materials also adequately informed the Class Members of the contact information for the Settlement Administrator and Class Counsel. Thus, the Court finds that the Notice Materials provided to the Class Members satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B).

6. The Court finds that the settlement memorialized in the Settlement Agreement, and filed with the Court, is fair, reasonable, and adequate, and in the best interests of the Class Members. The Court finds that: (a) the strength of the Class Representatives' and Class Members' claims weighed against the defenses of Bisco and the complexity, length, and expense of further litigation, support approval of the Settlement; (b) the Maximum Settlement Amount of $106,500.00 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the Named Plaintiffs' individual claims and the claims of the Settlement Class; (c) the

Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Class Counsel and counsel for Settling Entity, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and (f) the Litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

7. The Court further certifies, for settlement purposes only, the following Settlement Class pursuant to the Settlement Agreement and 29 U.S.C. § 216(b): All current or former Warehouse Associates and Warehouse Assistant Managers of Bisco Industries, Inc.'s Glendale Heights, Illinois warehouse from August 18, 2019 to August 22, 2023.

8. The Service Payment, as set forth in the Settlement Agreement, is approved and shall be awarded and paid to Named Plaintiffs from the IOLTA Account according to the procedures set forth in the Settlement Agreement.

9. Class Counsel is awarded $42,000 for fees and costs and will receive such payment according to the procedures set forth in the Settlement Agreement.

10. Class Members shall receive their settlement shares according to the allocation formula and procedures set forth in the Settlement Agreement. Any unclaimed funds to Class Members, if that amount is greater than $500, shall be distributed to Class Members on a *pro rata* basis in accordance with the Settlement Agreement.

11. The Court orders that any Class Member who did not timely submit an Election to Opt-Out of the Settlement and Class Action Form is bound by the terms of the Settlement Agreement, and fully releases and discharges Settling Entity and the Released Parties from the

Released State Claims, but that such Class Members have not released and discharged Settling Entity and the Released Parties from the Released Federal Claims unless and until such Class Members negotiate their Settlement Checks. A list of all such Class Members who did not timely submit an Election to Opt-Out of the Settlement and Class Action Form is attached to this Order as Exhibit A.

12. The Court orders that any Class Member who negotiates his or her Settlement Check is bound by the terms of the Settlement Agreement and fully releases and discharges Settling Entity and the Released Parties from the Released Federal Claims upon such negotiation of his or her Settlement Check.

13. As identified by the Settlement Administrator, the Court finds that 1 individual (John J. Tomulet) has timely requested exclusion from the Settlement Class. John J. Tomulet is (a) excluded from the Rule 23 Class previously certified; (b) not bound by the terms of the Settlement Agreement; (c) does not release Settling Entity and all other Released Parties from the Released Class Claims; and (d) is not entitled to participate in the monetary portion of the Settlement.

14. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this Litigation shall constitute, be construed to be, or be admissible in this Litigation or any other proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the Fair Labor Standards Act, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules; (b) of an adjudication of the merits of this Litigation; (c) of an adjudication of any of the matters subject to the Releases in the Settlement Agreement; (d) that any party has prevailed in this case; or (e) that the Settling Entity, or the Released Parties have engaged in any wrongdoing.

15. This Court grants final approval of the Settlement.

16.     This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The Clerk is directed to enter judgment consistent with this Order.

IT IS SO ORDERED.

Date:  December 8, 2023

Steven C. Seeger
United States District Judge